UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SAN JUANITA MIRELES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-482 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER TO REMAND

Pending before the Court is the self-styled "Plaintiffs' Motion to Remand," which San Juanita and Francisco Mireles ("Plaintiffs") filed on September 16, 2013.[1] Ronald Castillo, Rolando Renteria, and Daniel Longoria ("Adjusters"), and State Farm Lloyds (collectively, "Defendants") responded on October 4, 2013,[2] and Plaintiffs subsequently replied.[3]

After considering the motion, response, reply, and the relevant authorities, the Court finds that Defendants fail to carry the heavy burden of establishing improper joinder, and that the parties in this case are non-diverse. Thus the Court lacks jurisdiction, and **REMANDS** the case to State court.

### I. Background

On March 29, 2012, hailstorms swept South Texas, and Plaintiffs suffered damages to their property, for which Plaintiffs filed insurance claims.[4] On June 24, 2013, Plaintiffs sued Defendants in State court, alleging *inter alia* fraud, conspiracy, and violations of Chapters 541

---

[1] Dkt. No. 5.
[2] Dkt. No. 9.
[3] Dkt. No. 10.
[4] Dkt. No. 1, Attach. 2. at p. 16-17.

and 542 of the Texas Insurance Code.[5] On August 30, 2013, Defendants removed to this Court, asserting subject matter jurisdiction due to improper joinder of Adjusters, the non-diverse defendants.[6] Defendants then filed a motion to dismiss Plaintiffs' fraud and conspiracy claims against Adjusters.[7] Because, as explained below, the Court lacks subject matter jurisdiction in this case, the Court will not address this motion to dismiss, and instead begins the improper joinder analysis.

## II. Improper Joinder Analysis

*Standards for Remand and Joinder*

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[8] The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[9] Moreover, the Fifth Circuit has described the doctrine of improper joinder as "a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[10] "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[11]

When considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[12] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists

---

[5] *Id.* at pp. 22-29.
[6] Dkt. No. 1.
[7] Dkt. No. 7.
[8] 28 U.S.C. 1332(a).
[9] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[10] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[11] *Id.*
[12] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).

at the time of removal."[13] In conducting the 12(b)(6)-type analysis in the improper joinder context, the Court evaluates the petition under the state-court pleading standards,[14] by which the pleading must state a cause of action and give fair notice of the relief sought.[15] The Supreme Court of Texas has stated:

> "In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment."[16]

*Plaintiffs' Pleadings*

In this case, Defendants do not dispute that Plaintiffs have adequately stated a cause of action, sufficient to give fair notice of the relief sought – with one exception. Defendants claim that Texas law requires evidence of extracontractual harm as a condition on recovery for extracontractual damages, and that as a result Plaintiffs must plead such harm in order to state a claim.[17] However, Defendants conflate an evidentiary requirement with a pleading standard. The Fifth Circuit has indicated that allegations that the adjuster himself directly violated the insurance code and caused damages satisfy Texas pleading requirements at this early stage of the proceedings.[18] Here Plaintiffs specifically alleged that Adjusters violated the insurance code, and

---

[13] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).
[14] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).
[15] *Id*. *See also* TEX. R. CIV. P. 45 & 47.
[16] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[17] Dkt. No. 9 at pp. 9-10.
[18] *See* Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 544-45 (5th Cir. 2004) (finding that Texas would not allow recovery "*in the absence of* evidence sufficient to sustain a finding that that employee *himself* committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." (emphasis in original)).

that these violations resulted in Plaintiffs' damages.[19] Therefore, the Court will focus its efforts on Defendants' central argument.

*Defendants' Attempt to Establish Improper Joinder*

The Court's joinder analysis will begin and end with the text of the Texas Insurance Code. Defining a "person" who may not engage in an unfair act or practice in the business of insurance,[20] the insurance code says, "'Person' means an individual . . . including an . . . adjuster . . . ."[21] In turn, "'Adjuster' means a person who investigates or adjusts losses on behalf of an insurer as an independent contractor or as an employee . . . ."[22] On its face, then, the Texas Insurance Code provides that insurance adjusters, regardless of independent or direct employment, bear liability under its provisions. Plaintiffs' allegations against Adjusters appear to fall directly under these provisions.

In the face of this plain reading, Defendants ambitiously mount an ingenious attempt to topple most federal and state jurisprudence in this area. Defendants point to a line of Texas worker's compensation cases which limit the duty of good faith and fair dealing for subcontracting adjusters.[23] These cases, they clamor, demonstrate that independent adjusters bear no duty of good faith and fair dealing toward insurance beneficiaries, and insurance code violations spring from that duty.[24] As a result, Plaintiffs cannot state a claim against Adjusters and have no reasonable possibility of recovery against them, and the Court should find their joinder improper.[25]

---

[19] *See* Dkt. No. 1, Attach. 2 at pp. 12-19.
[20] TEX INS. CODE §541.003.
[21] TEX INS. CODE §541.002(2).
[22] TEX INS. CODE §4101.001(a)(1)(A).
[23] Natividad v. Alexsis, Inc., 875 S.W.2d 695 (Tex. 1994); Dear v. Scottsdale Ins. Co., 947 S.W.2d 908 (Tex. App. 1997); Crocker v. Am. Nat. Gen. Ins. Co., 211 S.W.3d 928 (Tex. App. 2007); Texas Mut. Ins. Co. v. Ruttiger, 381 S.W.3d 430 (Tex. 2012); Carpenter v. Sw. Med. Examination Servs., Inc., 381 S.W.3d 583 (Tex. App. 2012).
[24] Dkt. No. 9 at p. 8.
[25] *Id.* at p. 9, ¶1.

This facile reasoning hopscotches around the plain letter of the law and misapplies worker's compensation jurisprudence – where State regulation looms in importance[26]– to all insurance cases. Further, *even assuming* Defendants correctly assert that Texas courts have not yet found independent adjusters individually liable for insurance code violations, Defendants at best establish *ambiguity* in Texas law. And the Court remands ambiguous cases.[27]

### III.     Holding

In the end, the Court returns to a plain reading of the Texas Insurance Code. Defendants believe that Texas jurisprudence implies that independent adjusters should not be liable for their actions. The insurance code states otherwise: an independent adjuster engages in the business of insurance, and may be sued under the code's provisions. Plaintiffs have properly alleged Adjusters violated the Texas Insurance Code, and Defendants have failed to establish improper joinder. With a non-diverse party in the case, this Court lacks jurisdiction. Accordingly, the Court **REMANDS** this case to State court.

IT IS SO ORDERED.

DONE this 11th day of October, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[26] *See* Ruttiger at 557 (citing *Carpenter* to conclude that "a separate cause of action under the Insurance Code alleging the untimely processing of a claim by a workers' compensation carrier would be inconsistent with the Act.").

[27] *See* Campbell at 669.